### PRADOS vs. HIS CREDITORS.

On an appeal, the supreme court will examine the facts as well as the law of the case, and whenever their conviction is entirely opposed to the finding of the jury, the case will be remanded.

An appeal lies from the verdict of a jury on an issue of fraud in cases of insolvency.

APPEAL from the court of the first district.

This was a case in which Arcenaut, a creditor of the insolvent, opposed his discharge on an allegation of fraud in the surrender of his property. The cause was tried by a jury in the court below, who acquitted the defendant of the charge, and the district court upon the finding of the jury, dismissed the opposition and granted a discharge to the insolvent. From this judgment the opposing creditor appealed.

*Canon,* for appellant, urged the following points.

1. The right of appeal in civil cases, where the demand is above three hundred dollars, is given by the constitution and cannot be abridged by the General Assembly.

2. As to the meaning and definition of fraud, see art. 3324 C. C. and acts of 1817, sec. 18, 23 & 24, regulating the surrender of property

3. This court will set aside the verdict of a jury when manifestly erroneous or corrupt.

*Seghers*, contra.

1. By the provisions of the act relative to the voluntary surrender of property, and for the mode of proceeding, approved February 20th, 1817, the jury are the sole judges to decide on an accusation of fraud brought against the insolvent: sec. 18, 20, 21 and 27 of the said act.

2. The jury are proper judges of the credibility of witnesses: 2 Martin n. s. 377.

3. On a question of facts the verdict of the jury will not be disturbed unless it evidently appears contrary to evidence. Cole *vs.* Louisiana Insurance Company, 2 Martin, n. s. 165.

MATHEWS, J. delivered the opinion of the court. This is a case in which the opposing creditor charges the insolvent with fraud and simulation in the surrender of his property, by the introduction of false and feigned creditors on his bilan, for the purpose of covering his estate, to the injury and prejudice of

those who are *bona fide.* The cause was submitted to a jury in the court below, who by their verdict acquitted the defendant of the charges brought against him. Upon which a judgment was rendered, dismissing the opposition of the complainant and granting a discharge from his debts to the ceding debtor, in conformity with the *art.* 2173 of the *L. Code.* From this judgment the opposing creditor appealed.

The fraud charged upon the insolvent has reference to two debts acknowledged by him, one as due to his father, Manuel Prados, and the other to his brother Francois. The evidence by which the genuineness and justness of the claim of the latter, as well as his right to certain slaves, said to have been bought from his debtor, is attempted to be supported, consists of two authentic acts, one purporting to be a mortgage on, and the other a sale of slaves, to the creditor. The first was made on the 16th of April, 1828, and is expressed to have been given for the purpose of securing the reimbursement of 6,000 dollars, which the mortgagee had previously deposited in the hands of the mortgagor. The act of sale was passed on the 23d of April, 1829, of the

greater number of the slaves which had been previously mortgaged, and the consideration or price stated to be 4800 dollars, a part of the sum which had been placed in deposit with the vendor, and which he was unable to reimburse. The *cessio bonorum* was binding on the 15th May, 1829. Several witnesses were called to prove the truth of this deposit; which they did in express terms, and if they ought to be believed, the verdict of the jury is correct. But from facts disclosed by the testimony adduced in support of the allegations of fraud, we think the story told by these witnesses by no means probable. And taking into consideration the relationship of some of them to the defendant, and obscure character of others, we are compelled to declare, however reluctantly, that we do not believe them. One is the brother of the insolvent, and Francois Prados, who is alleged to be a partaker in the fraud—another, the insolvent's concubine; and a third a person without honest employment, as appears by his own acknowledgement in the cross interrogatories.

This court has been in the habit of acquiescence in the verdicts of juries in relation to

Eastern District.
*April*, 1830.

PRADOS
*vs.*
HIS CREDITORS

On an appeal, the supreme court will exam-

Eastern District. *April,* 1830,

PRADOS
*vs.*
HIS CREDITORS

ine the facts as well as the law of the case, and whenever their conviction is entirely opposed to the finding of the jury on the evidence, the case will be remanded

matters of fact generally, and particularly when allegations of fraud have been made and formed the gist of a controversy; but according to its constitution, we are bound to weigh testimony on an appeal—we are compelled in some measure to examine the facts as well as the law of a case; and whenever our conviction is entirely opposed to the conclusion of a jury on the evidence, our respect for their verdict must yield to the claim of right of the party injured by its finding. In such cases it is generally proper to submit the cause to a second jury, which we have been in the habit of doing.

An appeal lies from the finding of a jury, on an issue of fraud, in cases of insolvency.

The power to do this in the present suit, is power denied by the defendant. He claims the benefit of acquittal to the same extent as if it had been in a criminal prosecution. It is true, that the loss of privileges and the penalties consequent on a conviction of fraud, committed by an insolvent debtor, as prescribed by the act of 1817, are very severe; but they are inflicted in consequence of injuries done to particular individuals, in which the State takes no part in the prosecution of the delinquent. The charge of fraud arises out of a civil proceeding—is one of its incidents,

Eastern District.
*April*, 1830.

PRADOS
*vs.*
HIS CREDITORS

and subjected to revision by the court of appeals: and unless the act expressly makes the verdict of a jury conclusive, when favorable to a defendant, we know of no general principle of law contrary to the propriety of granting a new trial. The provisions of the act referred to are silent as to the effects of a verdict of acquittal—they only establish the disabilities and penalties which are to be a consequence of conviction. We therefore conclude that nothing has been shown in the present case which makes it improper to remand the cause to be tried *de novo.*

It is consequently ordered, &c. that the judgment of the district court be avoided, reversed and annulled: and it is further ordered, that the cause be sent back to said court to be again tried, &c.