MOORE, JENKINS & COMPANY, plaintiffs in error, vs. A. M.
ALLEN, defendant in error.

|     |     |
|-----|-----|
| 55  | 67  |
| 115 | 791 |

1. Only a statutory bond will dissolve a garnishment.

2. To adjudge that the bond given does not conform to the statute, and
for that reason to deny the plaintiff's motion to enter up judgment on the
same, is virtually to adjudicate the bond insufficient to dissolve the garnish-
ment.

5. Judgment against the plaintiff on such motion will bar any subsequent ac-
tion on the bond which depends for success upon holding the bond suffi-
cient to dissolve the garnishment.

4. Construing the bond as insufficient to dissolve the garnishment, then, the
condition being to pay the eventual condemnation money so far as the ef-
fects and moneys garnished shall be found liable to the plaintiff's demand,
there is no breach of the condition until after some judgment has been ren-
dered on the garnishment fixing the amount of these moneys or effects and
finding them liable.   (1st *Kelly*, 72.

5. In an action upon the bond the garnishee's answer, later than the bond, is
not evidence for the plaintiff, no judgment upon the answer being shown
which declares the garnishee liable for any amount, or that the moneys or
effects admitted to have been in his hands, are subject to the plaintiff's de-
mand.

Garnishment.   Bond.   Evidence.   Before Judge JAMES
JOHNSON.   Muscogee Superior Court.   May Term, 1875.

Reported in the opinion.

PEABODY & BRANNON, for plaintiffs in error.

INGRAM & CRAWFORD, for defendant.

BLECKLEY, Judge.

Defendant in attachment, in order to dissolve garnishment,
gave bond with security, the bond being conditioned to pay
the eventual condemnation money, so far as the effects and
moneys garnished shall be found liable to the plaintiffs' de-
mand.   After recovering on the attachment, the plaintiff
moved the court to enter up judgment on the bond against
principal and security.   The court held that the bond did not
conform to the statute, and denied the motion.   This decision
was not excepted to, and was never reversed.   The plaintiffs

then brought an action of debt upon the bond against the security alleging a breach of the condition. At the trial, they offered in evidence an answer, admitting assets in a certain amount, made by the garnishee, in the attachment case, after the bond sued upon was executed. The court ruled the answer inadmissible. Defendant (the security) offered as a bar to the action, the record of the prior motion and the judgment of the court thereon. This was admitted, and the court, in effect, held it conclusive. No judgment was shown fixing any liability upon the garnishee, or declaring the moneys or effects in his hands subject to the plaintiffs' demand.

The bond either dissolved the garnishment or it did not· If it did, then the motion to enter judgment upon it should have prevailed : Code, sections 3319, 3540. The denial of that motion was an adjudication that it did not; and if it did not, then the bond, if good at all, was simply a common law bond, and its condition would have to be read accordingly. The condition, it will be seen, is not for the payment of the eventual condemnation money, further than "as the effects and moneys garnished shall be found liable to the plaintiffs' demand." Without a judgment on the garnishment, it cannot be said that the effects or moneys garnished have been found liable to the plaintiffs' demand. What we rule upon the whole case appears in the head-notes.

Judgment affirmed.