Spain *et al.*, administrators, *vs.* Clements *et al.*

1. On suit on bond of clerk of superior court for damages for failure to take legal bond and security to dissolve garnishment, the surety taken being defendant's wife, the plaintiff need not show that he made an effort to enter judgment against the parties to said bond and failed therein, because the bond was wholly illegal and the surety taken, being the defendant's wife, was not bound by the bond; therefore, all amendments allowed on the proceeding to enter judgment and other rulings of the court thereon insisted upon as illegal by the defendants, are immaterial.

2. Where the clerk receives and files such a bond by which the garnishment is dissolved, the act of receiving and filing the same is ministerial, and he and his sureties on his official bond are liable for such misfeasance of the clerk in the discharge of his official duties.

3. The measure of damages to the plaintiff is the actual loss which he has sustained by the dissolution of the garnishment, and that loss is what the plaintiff would have recovered from the garnishee had the garnishment not been dissolved; that is, the amount of indebtedness of the garnishee to the defendant at the date of the service of the summons, and between the date of service and the date of making his return or answer.

BLECKLEY, Justice, concurred specially.

Garnishment. Bonds. Principal and surety. Damages. Officers. Before Judge HARDEN. Chatham Superior Court. February Term, 1879.

To the report contained in the opinion it is only necessary to add that the following were among the grounds of the motion for new trial:

(1.) Because the court allowed an amendment to be made to the record in the garnishment case of Spain, administrator, *vs.* Dutenhofer *et al.* [Counsel for plaintiffs insisted that a motion had been made to enter up judgment on the garnishment bond against Dutenhofer, as principal, and his wife as security, that it was resisted and refused because of the incompetence of the wife to be a surety, and that the record failed to show the true history of the transaction. These positions were combated by opposing counsel. The court allowed the amendment.]

Spain *et al.*, administrators, *vs.* Clements *et al.*

(2.) Because the court charged that if Mary J. Dutenhofer was the wife of Adam Dutenhofer, and became security on his bond, then that bond was null and void.

(3.) Because the court charged that the law says filing a " bond with security." Therefore if you find that this was a bond signed by Mrs. Dutenhofer as security, there was no such bond as the law contemplates, and the clerk went beyond his duties and rights, for it is his duty to see that a proper bond is filed with security, that is good security.

(4.) Because the court charged that when it had been shown that plaintiffs got a judgment for $1,500.00, that is the measure of damages until the contrary is shown.

A new trial was granted, and plaintiffs excepted.

A. P. & S. B. Adams, for plaintiffs in error.

J. R. Saussy, for defendants.

Jackson, Justice.

This action was brought against the clerk of the superior court of Chatham county and his sureties on his official bond. The breach declared on was his failure to take bond and security as required by law when the defendant dissolved the garnishment sued out in a case against him, and gave bond with his (defendant's) wife as the only surety thereon. The jury returned, under charge of the court, a verdict for plaintiffs for fifteen hundred dollars, with interest, the whole amount of plaintiffs' judgment against defendant, when the amount in garnishee's hands subject to that judgment at the date of service of summons was only some $300.00, and there was no proof that any other sum had come into garnishee's hands, or any effects up to his answer. Defendants thereupon made a motion for a new trial on several grounds; it was granted them, and plaintiffs excepted.

When analyzed these grounds really make three, and the question is, was the court right to grant the new trial on either of the three grounds?

1. The first is predicated upon certain rulings of the court in regard to the right of the plaintiffs to amend on a motion they had made to enter up judgment on defendant's bond to dissolve the garnishment. In the view we take of the case, it was wholly unnecessary to make the motion to enter up judgment on such a bond before the right of action accrued to the plaintiff; and therefore all the rulings thereon are out of this case, being immaterial to the legal results which must follow from the facts. The surety was the wife of the defendant; she could not stand as surety for anybody, much less as the surety of her husband, by the plain provisions of the statute; and so it has been ruled by this court. Code, §1783; *Saulsbury, Respess & Co. vs. Weaver*, 59 *Ga.*, 254. No judgment could be entered up on such a bond, and it was a mere idle consumption of time to make the attempt to do so.

2. Was the clerk liable on such a bond for his misfeasance in taking and filing it? We think so.

For all his official blunders in discharge of official duty he is made liable by our statute. Code, §§266, 267, subsection 17, 3540. It has been argued that the exercise of his official duty in receiving and filing this bond is judicial, and therefore the clerk and sureties are not liable. The clerk is a ministerial officer. Every ministerial officer in such matters as taking bonds must to a certain extent judge; and thus be *quasi* a judicial officer in taking every bond, either in passing judgment on its legality or its sufficiency. The fact that the sheriff takes an illegal or an insufficient bond does not relieve him from liability; why should the same act relieve the clerk? The one is an officer of the court just as the other is. He is subject to rule in office and out of office just as the sheriff is. Code, §§270, 271, 3952, 3953. Why then should the sheriff be liable for failure to take good bond and the clerk not be liable?

Important matters—great rights—depend on the careful and faithful discharge of duty by both, especially in the matter of taking legal and sufficient securities where the duty of doing so devolves upon them. Public policy de-

mands that they be held to the discharge of these duties, and their sureties bargain that they will see to it that these duties are discharged. To take legal and sufficient bond in this case was one of these duties. Code, §3540. To file it, it was necessary to take it; and to take and file it was the act which dissolved the garnishment.

3. What is the measure of damages? To our minds it is plain. It is the actual loss sustained by the act of the clerk when he received and filed the bond. What is that actual loss? It is precisely what the plaintiffs would have recovered from the garnishee if the garnishment had not · been dissolved.

What is that sum in this case? It is $336.00 with interest thereon, and not the amount of the judgment. The amount of the judgment was $1,500.00, I believe, with interest, and that the jury found the damage to be. They found too much, and the court rightly awarded a new trial on this ground.

If, before garnishee made return or answer, more money or effects passed through its hands, then this garnishment would have bound that too, and plaintiffs' damages would be increased *pro tanto ;* but nothing of the sort appears in this record, and as matter of fact probably nothing of the sort exists. At all events, the answer shows so much in hand, the record shows the disposal of all of it by adjudication in court except this sum; *prima facie* on this proof this is all, and if there be more that has passed through garnishee's hands plaintiffs must show it. This has not been done. The fact that another bond might have been given with good security, had this been rejected by the clerk, is too contingent and remote to base damages upon. Code, §§3071, 3072, 3073. And in this case the idea is so remote as to appear wholly imaginary. The defendant was insolvent; who would go security for him but a confiding wife?

It is our judgment, therefore, that the judgment granting the new trial on the the ground that the damages were wrongfully measured by the jury, be affirmed.

Judgment affirmed.

BLECKLEY, Justice, concurring.

This court has held that only a statutory bond will dissolve a garnishment. 55 *Ga.*, 67. In order for there to be a statutory bond, there must also be security. Code, §3540. As a married woman cannot bind herself by any contract of suretyship (Code, §1783; 59 *Ga.*, 254), a bond with no security but a married woman, is a bond with no security at all, and is therefore no statutory bond. It follows that the garnishment in the present case was not legally dissolved; and if this had appeared on the face of the papers, the damage, if any, would have been to the garnishees, and not to the plaintiffs. The plaintiffs would not have been damaged, because a patent nullity in the shape of a bond would have been no obstacle to proceeding against the garnishees; and the garnishees would have been damaged, because the clerk's certificate that bond and security had been given would have been no protection to them in paying out the money. It would have been just as though the clerk had certified that a mortgage was not upon record, when in fact it was. Such a certificate would leave the lien of the mortgage unaffected, and a person acting on the certificate and incurring loss thereby, would have to resort to the clerk for redress. So. in this case, the garnishees having parted with their custody of the money on the faith of the clerk's certificate to the effect that bond and security had been given and the garnishment dissolved, they, and not the plaintiffs, would have been the sufferers if the bond, as did that in 55 *Ga.*, *supra*, had shown on its face that it was not sufficient to work a dissolution of the garnishment; but the record does not disclose (for it gives no copy of the bond, nor does it state whether the coverture of the so-called surety appeared on the face of it or not), that the plaintiffs could have disregarded the bond and coerced the garnishees to respond to them for the money, notwithstanding their delivery of it to the debtor on the faith of the clerk's certificate. So far as the record goes, it indicates that the coverture, though well known to the clerk, did not

appear on the bond.   If such was the fact, the garnishment was apparently dissolved legally, though not so at bottom, and the garnishees were protected ; wherefore, the plaintiffs lost the amount which had been arrested in their hands; wherefore, the clerk injured the plaintiffs to that amount— no more and no less.