LUTHER *v.* BANKS, administrator, *et al.*

The duties which the law imposes on a clerk of the superior court, in relation to the record of mortgages and entries of their cancellation, constitute him, as to them, a ministerial officer, notwithstanding the performance of these duties requires, to some extent, the exercise of judgment and discretion. As a ministerial officer, the clerk and his sureties are bound to any person who is injured by the failure of such clerk to perform, as well as for the improper or neglectful performance of, such duties. Accordingly, when a mortgagor presents to such clerk an original mortgage of record and an order to the clerk, purporting to have been signed by the mortgagee, to cancel such mortgage on the record, and the

clerk has no knowledge of the invalidity of the order, nor any reason to suspect the same, the act of recording the order does not render the clerk and the sureties on his official bond liable to a person injured by such entry, notwithstanding the order was forged. The possession of the original mortgage, in the absence of any circumstances charging the clerk with the duty of making inquiry, is sufficient to free him from the imputation of neglect in the performance of his official duties in placing the entry of cancellation on the record.

Argued June 13, — Decided July 13, 1900.

Action on bond. Before Judge Lumpkin. Fulton superior court. September term, 1899.

*Candler & Thomson*, for plaintiff. *W. D. Ellis, C. J. Simmons, Arnold & Arnold*, and *Payne & Tye*, for defendants.

. LITTLE, J. The plaintiff in error instituted an action against the administrator of Strong and the sureties upon his official bond as clerk of the superior court of Fulton county. It is alleged that, having been elected clerk, Strong, with certain defendants named as sureties, made and executed the official bond required to be given by all clerks of the superior court, by which said principal and his sureties were bound in the sum of three thousand dollars, subject to a condition named in said bond, as follows: ". The condition of the above obligation is such that, whereas the above bound Cicero H. Strong was, on the 5th of Jan'y, 1887, duly and legally elected clerk of the superior court in and for said county of Fulton for the term of two years: Now, should the said Cicero H. Strong faithfully discharge the duties of said office of clerk of the superior court in and for said county during the time he continues therein or discharges any of the duties thereof, then the above bond to be void; else to be in full force." It is alleged that at the time Strong entered upon the duties of his office as clerk, there was of record in his office a mortgage from Knapp to McWilliams, dated January 2, 1884, and recorded February 25, 1884, on certain real estate belonging to Knapp in Fulton county, which mortgage was executed to secure a note of even date therewith, to be due one year after date, for $1,200, with interest and attorney's fees. It was further alleged that on the 30th day of March, 1887, Strong, as clerk, made upon the record of said mortgage an entry of which the following is a copy: "The

note for which this mortgage was given to secure has, this 24th March, 1887, been satisfied in full, and the Clerk of the Superior Court is hereby authorized to cancel said mortgage on the records for mortgages for Fulton County. [Signed] Robt. McWilliams." "Entered March 30, 1887. C. H. Strong, C. S. C." Which entry, it was alleged, had the effect of cancelling said mortgage of record. It was also alleged that such cancellation was a wrongful entry, which should not have been made, and which would not have been made if the duties of said office had been faithfully discharged by said C. H. Strong; the name of Robert McWilliams having been forged, and the authority to cancel said mortgage purporting to emanate from him being a forgery, which should have been known, if it was not known, to the said Strong. Petitioner, desiring to purchase the property named in the mortgage, after said cancellation was made, to wit on the 31st of March, 1887, had the records searched, and found this entry of cancellation thereon. Afterwards petitioner, relying upon said cancellation and believing it to be valid and duly authorized as it purported to be, purchased a certain part of the land described in the mortgage and took a conveyance thereof, believing that she was getting a title unincumbered by the mortgage. She would not have made such purchase but for said wrongful cancellation. Afterwards McWilliams instituted a proceeding in Fulton superior court to foreclose said mortgage, and, he having died pending the proceeding, his heirs at law foreclosed the same, and a fi. fa. issued and was levied upon the property, to which levy petitioner interposed a claim, which, issue having been joined thereon, was determined against her and the property found subject on June 12, 1896; in consequence of which she was compelled to pay off the execution issued on such foreclosure proceedings, to her damage. To this petition a demurrer was filed, containing a number of grounds, among them the following: that the petition set out no cause of action; that it did not show a breach of said bond, or a breach of duty on the part of Strong in entering said mortgage canceled; and because the petition did not allege that Strong was aware or had any knowledge of the entry of satisfaction of said mortgage being a forgery, or that he recorded said entry of cancellation with any

knowledge that the same was a forgery. On a hearing the demurrer was sustained, and the petitioner excepted.

1. The question raised invokes a decision on the liability of a principal and sureties of the official bond of a clerk of the superior court, whose duty it is to record, in suitable books to be kept in his office, all mortgages, deeds, etc., which by law are required or entitled to be recorded under the statutes regulating the recordation of such instruments. It is provided by section 256 of the Political Code that every official bond is obligatory on the principal and sureties, "for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." Construing this section it was ruled in *Markham* v. *Ross*, 73 *Ga*. 105, that if a plaintiff has been injured and suffered damage in consequence of the neglect of the clerk of the superior court, he may sue him personally, or upon his official bond, and recover the amount of the damage sustained. It is alleged in the petition that the cancellation referred to was a wrongful entry which should not have been made. In effect this means that the act of entering the cancellation was wrongful, for which the plaintiff was entitled to recover. Even if it be assumed that the entry was wrongful, a recovery would not follow under this provision of the code, because by it the right of action accrues only for "a wrongful act committed under color of his office." Clearly, the allegations of the petition do not make a case against the clerk for recovery because of any act done under the "color of office," which is defined to be "a pretence of official right to do an act, made by one who has no such right." Bouvier's Law D., "Color of Office." See also Griffiths v. Hardenbergh, 41 N. Y. 464. In order to ascertain whether, under the facts alleged in the petition, any liability on the part of the defendant exists, it is necessary, under the further provisions of this section of the code, to ascertain whether a record of a forged cancellation is either a failure to perform an official duty, or is the improper or neglectful performance of a duty imposed by law. It is worthy of notice that the petition does not allege that at the time of the entry the clerk knew that the cancellation was forged. Had

such an allegation been made, the case would have presented a different aspect, and there could exist no doubt that the demurrer should have been overruled. The only language from which such knowledge might be even remotely inferred is found in the fourth paragraph of the petition, which says, "and the authority to cancel said mortgage purporting to emanate from him being a forgery, which should have been known, if it was not known, to the said C. H. Strong." Taking the allegations most strongly against the pleader, this petition does not charge that Strong had knowledge that the cancellation, or authority to cancel, was a forgery. It distinctly charges only that the fact that it was a forgery *should* have been known to him. Founded on the act of 1885, our Civil Code, § 2737, declares that "Any mortgagor in this State, who may have paid off his mortgage, may present the same, together with the order of the mortgagee or transferee, directing that the mortgage be canceled and record the order across the face of the record, to the clerk of the superior court of the county or counties in which the same is recorded; and such clerk shall write across the face of such record the word 'satisfied,' and the date of such entry, and sign his name thereto officially." It will be noticed that the authority is only given to the clerk to make this entry when the mortgagor presents the original mortgage, together with the order of the mortgagee or transferee, with directions for the cancellation to be made.

It could hardly be doubted that a cancellation claimed to have been made by authority of this section, when the original mortgage was not presented, would be such an improper performance of the duty imposed upon the clerk by its provisions as would entitle a person injured thereby to have redress through the official bond of the clerk. Indeed this has been distinctly decided. In the case of Appleby *v.* State, 45 N. J. L. 161, it appeared that the clerk, who was the custodian of the registry of mortgages, without having produced to him the original mortgage canceled, or with a receipt thereon signed by the mortgagee, entered upon the registry of a mortgage a minute of payment and redemption, when the statute required the production of the mortgage canceled, or a receipt signed by the mortgagee entered thereon; and the Supreme Court of New Jersey

ruled in that case, where it appeared that such receipt was invalid, that such entry was negligently and carelessly made, and that the clerk and his sureties were liable.    The law relating to entry of cancellation of mortgages in the State of New Jersey is similar to that which exists in Georgia.    While it is not alleged distinctly in the petition that at the time the cancellation was made the original mortgage was presented with the order for cancellation, yet a fair reading of the allegation made in the petition in this respect, and of the copy of the order for cancellation set out therein, indicates that it was.    In the order for cancellation it is recited, "The note for which *this* mortgage was given to secure has been satisfied," etc.    It is, therefore, inferable from the petition that the order for cancellation was written upon the original mortgage itself, and in presenting the order the original mortgage necessarily accompanied it.    We feel at perfect liberty to give this construction to the petition, not only because of these words of the order which we find set out in full, but also from the fact that on the argument of the case counsel for the defendant in error based his contention of non-liability on the fact that the mortgage was presented at the time of the cancellation, and no issue was taken thereon in argument.    So construing the petition, the naked question is presented, whether, without knowledge, reasonable grounds of suspicion, or anything which would put the clerk upon inquiry whether the order of cancellation was forged, the clerk of the superior court, when the original mortgage is presented to him by the mortgagor, with what is apparently the order of the mortgagee for its cancellation on record, is liable on his official bond for entering such cancellation on the record of the mortgage, when as a matter of fact such order is a forgery; and this requires at our hands some reference to the nature of the official act of recording a written instrument authorized or required to be placed upon a public record, and whether such act is judicial or ministerial in its character, as well as the rule of liability which attaches.    The rule that, in the performance of duties by judicial officers, no liability exists in favor of one injuriously affected by a decision, is of universal application, regardless of the correctness or incorrectness of the decision.    As was said by Beardsley, J., in 1 Denio (N. Y.), 595, "No action lies in any

case for misconduct or delinquency, however gross, in the performance of judicial duties. . . If corrupt, he [the judge] may be impeached, or indicted, but the law will not tolerate an action to redress the individual wrong which may have been done." The reason for this is strongly given by Judge Cooley in his work on Torts (2d ed.), 448, in the following language: "Courts are created on public grounds; they are to do justice as between suitors, to the end that peace and order may prevail in the political society, and that right may be protected and preserved. The duty is public, and the end to be accomplished is public: the individual advantage or loss results from the proper and thorough or improper and imperfect performance of a duty for which his controversy is only the occasion. The judge performs his duty to the public by doing justice between individuals, or, if he fails to do justice between individuals, he may be called to account by the State in such form and before such tribunal as the law may have provided. But as the duty neglected is not a duty to the individual, civil redress, as for an individual injury, is not admissible."

The same doctrine is so universally recognized that no good purpose could be subserved by a further elaboration of this rule, especially as it is clear, from the nature of the duties imposed upon the clerk of the superior court as a recorder of deeds and mortgages, that his acts are ministerial and not judicial. It is true that in the exercise of such duties his official discretion is often involved, but this does not make the discharge of such duties judicial. The act is not necessarily taken out of the class of ministerial duties because the officer who performs it is required to judge whether the contingency has occurred in which he is authorized or obliged to do the act. Throop, Pub. Off. § 538. In the case of Grider *v.* Tally, 77 Ala. 422, Judge Clopton says that such is not the judgment or discretion which is an essential element of judicial action. In the case of *Spain* v. *Clements*, 63 *Ga.* 788, Mr. Justice Jackson, in delivering the opinion of the court, said: "It has been argued that the exercise of his official duty in receiving and filing this bond is judicial, and therefore the clerk and sureties are not liable. The clerk is a ministerial officer. Every ministerial officer in such matters as taking bonds must to a certain extent

judge, and thus be quasi a judicial officer in taking every bond, either in passing judgment on its legality or its sufficiency." A recorder of deeds is defined by Mr. Mechem in his Law of Public Offices and Officers, § 733, to be "a ministerial officer whose duties are owing chiefly to those particular individuals who have occasion to employ him, and to whom he usually looks for his compensation." Supporting the text by a great many adjudicated cases, Mr. Throop, in his work on the Law of Public Offices and Officers, § 724, declares that the rule of law is well settled, that where an individual sustains injury by the malfeasance, misfeasance, or nonfeasance of a ministerial officer, acting or omitting to act, contrary to his duties, the law gives redress to the injured person by an action for damages. So that, being a ministerial officer, an action would lie against the clerk for malfeasance, misfeasance, or nonfeasance, and on his official bond, in the language of our code, for "the improper or neglectful performance" of duty. It is distinctly alleged that the order of cancellation which the clerk entered was forged, and it is contended that the entry was such an improper performance of the duty as gave a right of action. We have before adverted to the proposition that if the clerk knew that the order of cancellation was forged, and entered it of record, there could be no question of his liability. We might go further and say, that if he had reason to believe that the order was forged, and if there was anything in the order itself, or the circumstances under which it was presented, which would have put upon him a duty to inquire as to the genuineness of the order, the record of it without such inquiry would have been an improper discharge of his duty. In the case of *Spain* v. *Clements*, supra, it was said by Justice Jackson that "Important matters— great rights — depend on the careful and faithful discharge of duty" by clerks; and he declares that "Public policy demands that they be held to the discharge of these duties, and their sureties bargain that they will see to it that these duties are discharged." Under the far-reaching effects of our law of registration, it can not be questioned that the recording officer should and will be held to a strict account in the performance of the duties which the law has imposed upon him; and the rule that such officers are liable in damages to

any one who is specially injured by their omission to perform the duties imposed, or for a negligent performance of such duty, is clear. On the subject of an illegal record, Judge Cooley, on page 457 of his work on Torts, declares that the recorder may be responsible for recording papers not entitled to record, provided the record when made may cause legal injury, and provided further, that he is aware that the record is unauthorized. As we have seen, our statute makes it the duty of the clerk, when a mortgage has been paid off and the original is presented with an order of cancellation, to enter the fact of cancellation on the record of the mortgage.

While agreeing entirely with the principle ruled in the Appleby case, supra, it must be recognized that the fact of the presentation of the original mortgage at the time that the entry of cancellation is made is important in determining whether the officer was negligent in entering the cancellation. The mortgagee, whose rights would ordinarily be alone affected by a false entry of cancellation, was entitled to the possession of the mortgage. Presumably, he would not deliver it to the mortgagor without payment of the debt which it was made to secure; and so much weight is attached to such a possession, that in the case of Heyder *v.* Building & Loan Association, 42 N. J. Eq. 403, it was ruled that if a mortgagee permits the mortgagor to retain the mortgage, and the latter fraudulently cancels it of record, the mortgagee can not enforce it as against a subsequent bona fide grantee; and this ruling was made on a comparison of the equities between the bona fide-purchaser without notice and the mortgagee who negligently permitted the mortgagor to have possession of the mortgage. While construing the law which imposes official duties upon the clerk to hold him and the sureties on his official bond to a rigid accountability for any act of negligence in the record of instruments by which the rights of third parties are infringed, and while we think these duties must be exercised with care and diligence, we know of no rule which imposes on a clerk liability for the record of an instrument which is apparently genuine, and accompanied with evidence of a high character that it was proper that such record should be made. There are but few cases which adjudicate the direct question in issue, and these rule that the clerk under

such circumstances is not liable. In the case of Sacerdotte *v.* Duralde, 1 La. 176, it was ruled, that a recorder of mortgages had no discretion to exercise as to the validity or effect of the acts recorded. In the case of Ramsey *v.* Riley, 13 Ohio, 157, it was distinctly ruled, that to maintain a suit against a recorder for recording a forged receipt for money due on a mortgage, it must be shown that the recorder knew the character of the instrument and with corrupt intent entered it upon the record. While under our statute we may not go to this extent, we are yet clear that a negligent discharge of his duties on the part of the clerk is not shown by the mere fact that he entered a cancellation which, as it subsequently transpired, was a forgery. To maintain the petition presented in this case, it would be necessary to so rule. Taking, therefore, all the allegations in the petition, as we have construed it, to be true, notwithstanding the fact that the plaintiff suffered loss by the entry, we are of the opinion that the clerk is not responsible on his official bond for such loss, because the circumstances under which the entry was recorded do not show an improper or negligent discharge of duty.

*Judgment affirmed. All the Justices concurring.*