28305. REED *et al. v.* THE STATE OF GEORGIA, for use, etc.

DECIDED SEPTEMBER 19, 1940.

*Mozley & Combs, Gordon B. Gann,* for plaintiffs in error.
*R. B. Pullen, C. E. Kay,* contra.

GARDNER, J. Jones, as administrator of two named estates, filed with the ordinary final returns in both estates, showing expenditures and disbursement to heirs of their distributive shares, inclusive of the shares arising to a missing heir, by payment of these shares over to the ordinary, for account of the missing heir, and sought his final discharge in each estate. The ordinary approved the final returns, which showed vouchers for the money paid to him for the missing heir, and, after due citation, granted the discharges to the administrator as prayed. Thereafter the administrator, in the name of the State of Georgia, for his use as administrator of the two named estates, brought an action against the bondsmen of the ordinary, for recovery of these shares as having been illegally paid to the ordinary, the ordinary in the meantime having died without having paid the funds to the missing heir or

returned them to the administrator. This case has been before the Court of Appeals on a previous writ of error (*Jones* v. *Reed,* supra), when the court held that the petition set forth a cause of action, and that the trial court erred in sustaining a general demurrer. Reference is made to the former case for allegations of fact and rulings of the court. The case thereafter proceeded to trial, and the plaintiff introduced, as to both estates, evidence showing his appointment and qualification as administrator, and his final returns approved by the ordinary, which latter documents showed, together with canceled checks payable to the ordinary (also in evidence), that the funds representing the distributive shares of the missing heir had been paid over to the ordinary by the administrator. The plaintiff introduced the bond of the ordinary, showing the defendants as sureties; and evidence that the ordinary had not accounted to his successor in office for the funds in question. The defendants introduced the letters of dismission of the administrator in both estates, purporting to be the complete and final discharge of the plaintiff as administrator.

At the conclusion of the evidence the court, denying a motion by the defendants for nonsuit, directed a verdict for the plaintiff for the full sums claimed, together with interest. The defendants moved for a new trial, which the court denied. To this ruling the defendants excepted and assigned error on the general grounds and several special grounds, in effect, (1) because the petition failed to allege that the plaintiff was administrator at the time of the filing of the suit, with right and authority and sufficient interest in the subject-matter to prosecute the action; (2) because the court, over the objections of the defendants, illegally admitted in evidence the final returns of the administrator, which listed the payments over to the ordinary of the shares of the missing heir, as there was no lawful order of the ordinary directing and authorizing such payments as would prevent them from being voluntary in character, when the bondsmen would not be liable; and (3) because the court erred in directing the verdict, and in not granting a nonsuit.

With reference to the assignment of error on the general grounds, the evidence showed, without question, that the plaintiff had been duly appointed and qualified as administrator of both estates, that he made final returns which were approved and filed of record, which showed conclusively that the shares going to the missing heir

had been paid over to the ordinary, under his approval and color of office, and with his knowledge and consent to receive the funds in his clerical capacity as ordinary, irrespective of any antecedent orders authorizing the payment of the funds to himself. See *Jones* v. *Reed,* supra. The evidence further showed that there had been no accounting of the funds to the successor in office of the ordinary. We think that, in the absence of any defensive showing by the defendants that the ordinary had in fact accounted to the missing heir for the funds in his hands for that purpose, the evidence supported the verdict, and that the assignment of error on the general grounds is without merit.

We think the assignment of error that the petition failed to allege that the plaintiff was administrator at the time of the filing of the suit, with sufficient right and authority and interest in the subject-matter to prosecute the action, is controlled adversely to the plaintiff in error by the ruling in *Jones* v. *Reed,* supra. Moreover, while the evidence showed prima facie that the administrator had been fully discharged from his representative capacity as administrator of the two estates, the legal effect of the evidence was nevertheless that the plaintiff retained his capacity as administrator for all purposes for recovery of the funds illegally paid over to the ordinary in the present case. The Code, § 113-2304, declares: "If funds are in the hands of the administrator, and no person claims the same, the ordinary may nevertheless grant a discharge, at the same time passing an order either requiring the administrator to deposit the fund in such solvent bank as the court may direct, or else authorizing him to retain the same in his hands at a rate of interest not exceeding four per cent. per annum. *The discharge shall not take effect* until the money is deposited; or, in the event of its being retained by the administrator, it shall not relieve him or his sureties from their liability to comply with such order and respond for such fund." (Italics ours.) The funds in the instant case were not paid to the ordinary under the foregoing section, but rather in contravention thereof. Accordingly under that section and the facts of the instant case the plaintiff remained administrator, and properly brought the suit as such, without the necessity for any affirmative allegation that he was acting in this capacity at the time of bringing the present action.

The court did not err in admitting in evidence the final returns

made by the administrator in the two estates. Such evidence was relevant and material to show the fact and the character of payment to the ordinary of the shares of the missing heir, and irrespectively of whether there had been any *antecedent* order directing the payment of the funds to the ordinary; and it was further material to show to what extent the ordinary was acting under color of office in doing the illegal act of receiving funds when he was without authority of law therefor. See *Citizens Bank of Colquitt* v. *American Surety Co.*, 174 *Ga.* 852 (2, c-d) (164 S. E. 817) ; *Luther* v. *Banks*, 111 *Ga.* 374 (36 S. E. 826) ; *Jones* v. *Reed*, supra ; Code, § 89-418 (4). The court did not err in refusing to grant a nonsuit, and in directing the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*