JOSEPH D. REYNOLDS, plaintiff in error, *vs.* KINION DALE, defendant in error.

1. The Deputy Sheriff takes from the defendant in a *fi. fa.* in his hands for collection, notes of third persons and receipts him for so much money in full of principal, interest and cost due on the execution: *Held*, to be no payment, and the principal sheriff is not liable to a rule on account of this act of the deputy.

Rule against the Sheriff, in Terrell Superior Court. Decided by Judge JOHN T. CLARK, at the May Term, 1863.

The question presented by the record in this case, depends upon the facts following, viz : A writ of *fieri facias* issued from a judgment rendered in Terrell Superior Court, in favor of Joseph D. Reynolds against Pierce L. Wilborn, maker, and Myron G. Weston, for one thousand dollars, principal, with interest and cost. This *fi. fa.* was placed in the hands of W. C. Thornton, the deputy of Dale, the principal sheriff, for collection. Five hundred dollars of the amount due on the

*fi. fa.*, was paid by one of the defendants, to the attorney of the plaintiff. The entire balance due on the *fi. fa.* was paid by Wilborn to Thornton, the deputy sheriff, in promissory notes on the other persons, all of which were good, and which the said Thornton afterwards said had answered his purpose. Thornton gave to the defendant a receipt acknowledging payment in full of the principal, interest and costs due on the *fi. fa.* Upon these facts a rule was taken against Kinion Dale, the sheriff, calling on him to show cause why he should not pay over to plaintiff or his attorney the sum due on the *fi. fa.* At the hearing, the presiding Judge discharged the rule, and that decision is the error complained of.

STROZIER & SMITH, for plaintiff in error.

VASON & DAVIS, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The rule absolute was properly refused by the Court below. Dale, the sheriff, was responsible only for such acts or omissions of duty of his agent, Thornton, the deputy, as were done in the ordinary course of the duties and business of the office. The rule absolute was demanded against the principal, not for a failure to collect the money due on this *fi. fa.* by the deputy, but as for money collected; in other words, upon the receipt given by him to the principal defendant in the *fi. fa.* If this transaction was good as a payment in law, then the sheriff would be liable to the rule, otherwise, not. A payment, to an agent, to be good as a payment, must be made in money; if made in notes of third persons, it is not good. Ch. on Con., 643, 9th Am. Ed.; 2 Parsons on Con. 126, 7; Ward vs. Evans, 2 Lord Ray., 928; S. C. Salt., 442, and cases there cited.

If the creditor authorizes, adopts or acquiesces in the transaction, the payment will be good. But that would not help the plaintiff in this proceeding unless the sheriff was himself a party to it. If the plaintiff authorized Thornton to make such a settlement, he must look to Thornton for the money,

and not to the sheriff; for such transaction not being within the sphere of his duties as deputy sheriff, cannot bind the principal, only himself; and if he was authorized by the plaintiff, or his act was adopted by him, that would make the deputy the agent of the creditor; but his act thus outrides the duties of his office, and cannot bind the sheriff, unless, as I have shown, he was a party. We will add, for such is our opinion, that the moving of this rule is not an acquiescing in this transaction. We will also add that it follows from our ruling that the execution is not satisfied unless payment was authorized by the plaintiff.

Let the judgment be affirmed.

JENKINS, J., dissenting.