66    89
73a  249

# PARKER T. PUTNAM

*v.*

# JOHN TRAEGER et al.

1.   CONSTABLE'S BOND—*neglect to levy and return executions.*   In an action upon a constable's bond for a neglect to levy an execution placed in his hands, or for a failure to return the same within ten days after its proper return day, the plaintiff must produce the execution in evidence, or prove its contents after preliminary proof of loss or inability to obtain it, to entitle himself to a recovery.

2.   SAME—*a valid writ necessary to charge officer for breach of duty.*   If an execution delivered to a constable is void, he is not bound to obey it, and he will have no right to levy upon property or make any return, and hence there can be no neglect of official duty in the failure to serve and return the writ, unless the same is shown to have been valid.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Mr. JULIUS S. STARR, and Mr. H. B. HOPKINS, for the appellant.

Messrs. McCULLOCH & STEVENS, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This suit was brought upon the official bond of a constable, against him and his sureties.

The liability of the obligors is claimed, by virtue of either of two sections of the statute. R. S. 1845, sec. 79, p. 326, and sec. 118, p. 332.

The seventy-ninth section provides that, every constable to whom an execution shall be delivered, shall indorse thereon the day and hour when it came to his hands, and shall immediately levy the same, and indorse the date of the levy and an inventory of the property. The one hundred and eighteenth section requires him to return an execution within ten days after its proper return day, and makes him and his sureties liable for failure to do so, and for any special damage by reason of his neglect to act, or for misfeasance or nonfeasance in the discharge of any official duty.

In this case no execution was offered in evidence on the trial, and no offer was made to prove the contents of a lost one.

It is contended that a *prima facie* case was made out, under the first named section, by proof that an execution was placed in the hands of an officer, that the defendant in execution had property subject to execution, and the neglect to levy whereby the debt was lost; and that a *prima facie* case was made out under section one hundred and eighteen, by proving the execution to have been delivered to the officer, and his failure to make the debt or return the writ according to law.

In this reasoning we can not concur. It was not the duty of the officer to introduce the execution upon the trial, unless he was notified to produce it. It was incumbent upon the party suing to make out his case. He must produce the execution, or show the contents, after preliminary proof of loss or inability to obtain it. To create a liability there must be a valid execution. Without an examination of it, or knowledge of its contents, its validity can not be determined. If

the writ was void, the officer was not bound to obey it, and had no right to levy upon property or make any return. The neglect of official duty in the failure to serve a writ can not exist where there is no writ. For the purposes of the trial of this case there was no execution, and consequently no liability.

As to the error that the court excluded the evidence from the jury by oral instruction, it is a sufficient answer that the bill of exceptions does not so state; and we must presume that the court discharged its duty in conformity to the statute.

*Judgment affirmed.*