Gerber vs. Ackley.

## GERBER VS. ACKLEY.

(1, 2) *Bond of village marshal. — Liability of surety. —* (3) *Evidence.— Pleading.— How far judgment against officer is evidence of a breach of his bond, in an action against the surety.*

1. The charter of the village of Oconomowoc (P. & L. Laws of 1869, ch. 327) imposes upon the marshal of that village the same duties, and subjects him to the same liability, as pertain to a constable; and the sureties on his official bond are liable for wrongful acts performed by him in *his official character*, but not for mere naked trespasses which he may commit while acting without legal process. *State v. Mann,* 21 Wis., 684.

2. In a complaint against a surety on the official bond of one L. as such marshal, it is alleged that in an action previously brought against said L. by the present plaintiff to recover damages for his taking of certain property by the plaintiff, said L. justified the taking of the property as such marshal "under and by virtue of an alleged writ of replevin issued by a justice of the peace of said county, and to said L. delivered for execution;" and that, upon the trial of said former action, the court adjudged that said L. had wrongfully taken the property from the plaintiff, and gave judgment against him for damages. *Held*, on demurrer, that as it does not appear but that said judgment against L. was rendered on the ground that he was not acting in an official capacity when he took plaintiff's property, but was a mere wrong-doer, and as there is no proper averment in this complaint that L., in taking such property, was acting in his official character and under a legal writ of replevin, the complaint is bad.

3. Whether the recovery of a judgment against the marshal would in any case be *prima facie* evidence of a breach of his bond, as against a surety, or whether all the facts which are necessary to make the surety liable must not be set forth in the complaint against such surety, *quære*.

APPEAL from the Circuit Court for *Waukesha* County.

The complaint avers that on the 11th of April, 1870, one Ludington was, and from that day up to and including the times hereinafter mentioned continued to be, marshal of the village of Oconomowoc, in said county, and as such marshal had all the powers and rights, and was subject to the liabilities, of a constable of this state, by virtue of the provisions of the charter of said village, ch. 327, P. & L. Laws of 1869. It then avers the execution by said Ludington and the defendant, on said April 11, 1870, of a bond in the penal sum of $500, running to said village, conditioned for the faithful discharge by Ludington of his duties as said marshal. It further avers that on the first day of July, 1870, an action was commenced by this plaintiff against said Ludington, by the service of a summons issued by a certain justice of the peace in and for said county, in which action the plaintiff claimed damages for the taking from him theretofore, by said Ludington, of certain personal property, at the village of Oconomowoc in said

county, "and in which said action the said Ludington justified the taking of the same property as such marshal of said village under and by virtue of an alleged 'writ of replevin,' issued by a justice of the peace of said county, and to said Ludington delivered for execution;" and that such proceedings were had in said action, that afterwards, at the March term, 1871, of the circuit court for said county, upon full hearing, etc., the said court "did duly determine and adjudge that said Ludington had wrongfully taken the same personal property from the said plaintiff, and that the plaintiff recover of said Ludington his damages by him sustained by such taking," (stating the amount). The complaint then shows the issue of a *fi. fa.* on said judgment, and its return wholly unsatisfied; the issue of an execution against the person of Ludington, his imprisonment and discharge under the statute; and demand of payment made of the surety, and his refusal; and it demands judgment against him for the amount of the judgment against Ludington, with the fees and charges on said several writs, etc.

A copy of the bond mentioned in the complaint is annexed to and made a part thereof.

The defendant demurred to the complaint as not stating a cause of action, and appealed from an order overruling his demurrer.

*Geo. F. Westover*, for appellant, argued that the judgment against Ludington does not bind the surety, who was not a party thereto; and that the complaint herein, therefore, does not state a cause of action.

*Edwin Hurlbut*, for respondent.

COLE, J. We have no doubt that the bond executed by the marshal under the provisions of the charter of the village of Oconomowoc (ch. 327, P. & L. Laws of 1869), is a legal instrument, and was intended to secure the public against loss or damage arising from the official acts of the marshal. The charter requires the marshal to execute a bond conditioned for

the faithful discharge of his duties (sec. 7), and likewise enacts that he "shall possess such powers, and be subject to such liabilities and duties, as the constables of the several towns in this state" (sec. 16). This undoubtedly imposes upon him the duties and subjects him to the same measure of liability as a constable; and the sureties on his official bond are liable for his acts performed in his official character. But such sureties only undertake to indemnify the public against the official acts of the marshal, and not for mere naked trespasses which he may commit while acting without legal process. *State v. Mann,* 21 Wis., 684. The principal difficulty with the complaint before us is, that it fails to show that Ludington took the property of the plaintiff therein mentioned, officially, as marshal, so as to show a breach of the condition of his official bond. It is alleged that in the action brought against Ludington by the plaintiff for damages for the taking of the property, "the said Ludington justified the taking of the same property as such marshal of said village under and by virtue of an alleged writ of replevin issued by a justice of the peace of said county, and to said Ludington delivered for execution." It is further alleged that upon the trial of the action in the circuit court, the court "did duly determine and adjudge that said Ludington had wrongfully taken the same personal property from the plaintiff," and gave judgment against him for the amount of damages specified.

These allegations do not show, and are not equivalent to an averment stating, that Ludington took the plaintiff's property while acting officially as marshal, and by virtue of a legal writ of replevin issued by a justice of the peace. And, in order to show a breach of the official bond, these facts should appear and be clearly stated in the complaint. The judgment against Ludington in the circuit court may have been reversed on the ground that he was not acting in an official capacity when he took the plaintiff's property, but was a wrongdoer. If the recovery was upon that ground, then clearly the surety on his

official bond would not be liable, and this averment does not aid the complaint. It may be a question whether in any event the recovery of a judgment against the marshal would be *prima facie* evidence of a breach of the bond as against the surety, and whether good pleading does not require that all the facts in regard to the taking should be stated in order to show that the marshal took the property by legal process and by official authority. But, as this question is not before us on this demurrer, we decline to express any opinion upon it. As the case now stands, the complaint does not show a breach of the condition of the bond for which the surety is liable, because it omits to state that Ludington took the plaintiff's property while acting as marshal under and by virtue of legal process. It follows from these views that the circuit court erred in overruling the demurrer to the complaint.

*By the Court.* — The order of the court below is reversed, and the cause remanded for further proceedings.