STATE OF MISSOURI, TO THE USE OF JOHN N. GOODIN,
Plaintiff in Error, *v.* JAMES McDONOUGH ET AL., De-
fendants in Error.

May 11, 1880.

Where an officer goes out of the line of his official duty, and acts without the
scope of his authority, this action, though done *colore officii,* is not a
breach of his bond for the faithful performance of his duty.

ERROR to the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

WALDO P. JOHNSON and THOROUGHMAN & PIKE, for the
plaintiffs in error, cited: 15 Wend. 577; *The State* v.
*Claudius,* 1 Mo. App. 551.

LEVERETT BELL, for the defendants in error, cited: *Ger-
ber* v. *Ackley,* 37 Wis. 43.

HAYDEN, J., delivered the opinion of the court.

This is an action brought upon the official bond given by
the defendant McDonough, under the statute providing that
the chief of police of the city of St. Louis " shall give
bond, with security, in the penal sum of twenty thousand
dollars, for the faithful performance of his duties." Adj.
Sess. Acts 1863, p. 477. The breach charged is that Mc-
Donough, without warrant or authority of law, as chief of
police, and by virtue of, and under color of his office, wrong-
fully and maliciously arrested the relator and imprisoned
him, etc. The defendant McDonough and his sureties de-
murred, and the question is, if the demurrer was properly
sustained.

Waiving the question whether any action lies to the use
of the relator on this bond, this petition shows no cause of
action on the bond or against the sureties. It is charged,
and this is a material averment, that McDonough unlawfully
and without warrant made the arrest. Thus, trespass under
process is negatived. The case is not one of an act which
an officer is required to do, and in doing which he commits

a trespass — as where, under process against A., the officer arrests B., or seizes B.'s goods. *The State to use* v. *Moore,* 19 Mo. 369 ; *The Commonwealth* v. *Stockton,* 5 B. Mon. 193. In the latter of these cases loose language is used, but what is *held,* is on facts as just stated. In cases of which these are types, the act is within the limits of the officer's authority. He is required to act, and his misfeasance is a breach of his official duty, for which his sureties are liable, as is his non-feasance ; but, as said by Cowen, J., delivering the opinion of the court in *Ex parte Reed,* 4 Hill, 572, the condition of the bond is, that the officer shall perform the duties of the office, not that he shall avoid the commission of wrongs generally. The fact that under color of his office an officer does an act which is in its inception beyond, and out of the line of his duty, does not show or tend to show that in any case he did not faithfully perform it ; and if he does this, why should his sureties be held, whose obligation cannot be extended beyond the terms of the bond? Here, assuming what is stated to be true, the defendant, not in the manner of doing what it was his duty to do, but in taking any action, went outside of, and beyond his duties. The act done was not within the scope of the bond. Thus, though it was done *colore officii,* the sureties are not liable. *Ex parte Reed, supra; Gerber* v. *Ackley,* 37 Wis. 43. See *Alcock* v. *Andrews,* 2 Esp. 542 ; *Seeley* v. *Birdsall,* 15 Johns. 270 ; *Morris* v. *Van Voast,* 19 Wend. 284.

The judgment is affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.