## Frederick M. Cornell
### v.
## The People of the State of Illinois, for use, etc.

*Principal and Surety—Constable's Bond—Forged Signature of Surety.*

1. The sureties on a constable's bond are not liable for his trespasses, having no connection with his duties as officer.
2. The forgery of the signature of an alleged surety upon a constable's bond will release another signing as surety, upon the fraudulent representation that it was genuine.

[Opinion filed September 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. B. M. Munn and F. W. Coombs, for appellant.

Messrs. Flower, Remy & Holstein and Harrison Musgrave, for appellee.

*Per Curiam.* This was a suit by appellee against appellant, Edward Broad, John Hamilton and M. C. McDonald, on a constable's bond, given to secure the faithful performance of his duties by said Edward Broad, as constable. It was

alleged that 'Broad, while acting as constable, under an attachment writ against Maris W. Wheeler, wrongfully levied the same on Meyer Wheeler's goods. The declaration charged Cornell, Hamilton and McDonald as sureties on the bond. The trial being without a jury, the court found against Cornell and entered judgment on the finding, the suit having been dismissed as to all the other defendants. Cornell appeals from the judgment.

There is no evidence in the record tending to show that Broad was acting under any writ at the time of the trespass. Sureties on a constable's bond are not liable for his trespasses, having no connection with his duties as officer.

On the trial appellant offered to show that the signature of M. C. McDonald, to the bond, was a forgery; that he (appellant) signed the bond, relying on Broad's representation that the signatures of McDonald and Hamilton were genuine. The court rejected the offer, to which ruling appellant excepted, and the exception is properly preserved in the record.

The evidence offered should have been admitted. Forgery of McDonald's signature releases Cornell, if he, in good faith, relied on Broad's representation that it was a genuine signature. Seely v. People, use, etc., 27 Ill. 173.

The judgment of the court below is reversed and remanded.

*Reversed and remanded.*