CASE 69—PETITION ORDINARY—JUNE 11.

## Shields, v. Pflanz.

101  407
126  126

101  407
136  806

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. SHERIFF'S LIABILITY FOR TORTIOUS ACTS OF DEPUTY.—Under the provisions of section 4141. of the Kentucky Statutes a sheriff is liable in damages for the misconduct of his deputy if the deputy maliciously and unnecessarily, and for the purpose of degrading and punishing one arrested under a warrant puts irons and handcuffs on him, and which action is not taken for the purpose of enabling the officer to properly execute the writ.

R. C. DAVIS FOR APPELLANT.

1. There is a malicious abuse of the process in the officer's hands, where he employs it wrongfully and unlawfully, and not for the purpose it is intended by the law to effect.    Barret v. White, 3 N. H., 14; Wood v. Graves, 144 Mass., 366; Breck v. Blanchard, 20 N. H., 328; Ross v. Filbraick, 39 Mo., 29; Slaughter v. Mott, 25 Ver., 668; Cooley on Torts, Star p. 395, top p. 463; Bishop's Non-contract Law, p. 84, sec. 210; Firestone v. Rice, 48 N. W., 887; Cochran v. Toher, 14 Minn., 385; Beaverst v. State, 4 Texas Appeals, 175; State v. Muhorn, 3 Harrington, 368; Carrington v. State, 1 S. C., 292; Brown v. State, 80 Ga., 544; State v. Sigman, 106 N. C., 429; Skidman v. State, 2 Texas Appeals, 20; Wormser v. Stone, 40 Pacific Rept., 993.

2. The sheriff is liable for the tortious acts of his deputies. Ky.

Stat., secs. 4141 and 4561; Commonwealth v. Stockton, 5 Monroe, 193; Forsythe v. Ellis, 4 J. J. M., 299; Murrell v. Smith, 3 Dana, 463; Ackworth v. Kaupe, Douglas, 40; McIntyre v. Trimble, 7 Johnson, 35; Greenwall v. Phelps, 1st Mass., 529; Pratt v. Bank, 45 Me., 569; Kimble v. Phelps, 17 Mass, 246.

F. T. FOX ON SAME SIDE.

1. A sheriff is liable for all acts of his deputies done in the course of his official duties under color or by virtue of his office. Murfree on Sheriffs, secs. 20, 59, 61.

KOHN, BAIRD & SPINDLE FOR APPELLEE.

(Brief not in the record.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant, Shields, instituted this action in the Jefferson Circuit Court, (Law & Equity Division), against the appellee, Pflanz, seeking to recover damages for injuries and wrongs inflicted upon him by Phil. Donahue, deputy sheriff, while appellant was under arrest and in the custody of said deputy. The petition reads as follows:

The plaintiff, Geo. W. Shields, states that on the 7th day of March, 1895, one J. W. Thomas a justice of the peace in and for the county of Nelson and State of Kentucky, issued a warrant against him for criminal libel, directed to any sheriff, constable, coroner, jailer, marshal, or policeman in said State, commanding them, or either of them to arrest the plaintiff, and bring him before said Thomas or some magistrate in said county. That said warrant was placed in the hands of defendant, John R. Pflanz, the sheriff of Jefferson county, Kentucky, and the same was executed by him on March 9, 1895, as appears by his return, in the words and figure following:

"Came to hand March 8, 1895, at 8:50 A. M. executed March 9, 1895, at 11:30 A. M. by arresting George W. Shields and placing him in the keeping of the jailor of Jefferson county, Kentucky; released on bond of one thousand dollars, with John Barrett as surety, see bond hereto affixed and made part of this return.

J. R. PFLANZ, S. J. C."

A copy of which warrant and return are filed herewith and made part hereof, marked respectively A. and B.

The plaintiff further states that under and by virtue of said warrant, he was arrested on March 9, 1895, in broad daylight on Fourth street, near the custom house in the city of Louisville by one Phil. Donahue, a deputy sheriff, and said defendant, John R. Pflanz, and was thence taken by said Donahue, without any resistance on the part of plaintiff, to the county jail of Jefferson county, Kentucky, and therein imprisoned.

That subsequently on the afternoon of said day, said Donahue, deputy as aforesaid, under and by virtue of the warrant aforesaid, took this plaintiff from the custody of the jailer aforesaid for the purpose of conducting him to Bardstown, Nelson county, Kentucky, and that the said Donahue, deputy aforesaid, did then and there, wantonly, wrongfully, maliciously and inhumanly, and without any cause or excuse for the same, assault this plaintiff by putting irons and handcuffs on both of plaintiff's wrists, under the pretense of preventing plaintiff from escaping from him, and maliciously and with the intent of degrading, humiliating and casting a stain on plaintiff, led plaintiff so ironed and hand-cuffed, through the streets of the city from the jail, down Jefferson

street to Seventh, and thence down Seventh to Broadway, and thence down Broadway to Tenth street, to the Louisville and Nashville Depot.

Plaintiff further states, that he was inhumanly and wrongfully treated, and was humiliated, degraded and mortified in feeling and suffered great mental and bodily anguish and pain, and by reason of the wrongs and injuries complained of, was damaged in the sum of ten thousand dollars.

Whereupon the premises considered, the plaintiff prays judgment against the defendant for the sum of ten thousand dollars for his costs herein and all proper relief.

The court below sustained a demurrer to the petition; thereupon appellant filed an amended petition setting out more fully and specifically the cause of action stated in the petition. Appellee demurred to the petition as amended, which demurrer was sustained by the court, and appellant failing to plead further the action was dismissed, and from that judgment this appeal is prosecuted.

The contention of appellee is, that as the wrongs complained of were illegal and tortious, the sheriff is not liable. That he is only liable for non-feasance and unintentional misfeasance. Appellee cites a number of authorities in support of his contention, but it seems to us that the authorities relied on fail to sustain appellee's contention, at least have no application to the case at bar.

Section 4141, Kentucky Statutes provides: "That a sheriff may with the approval of the county court appoint one or more deputies and take bond to himself for the faithful discharge of the duties of such deputies, but in all cases

the sheriff shall be liable on his bond or bonds for any misconduct or default of such deputy."

Taking the averments of the petition as amended as true, which must be done on demurrer; it appears that Donahue was deputy sheriff under appellee, and that by virtue of the writ, which he had authority to execute, he had arrested the appellant and for a time placed him in custody of the jailer and afterwards took him out for the purpose of taking him to Nelson county in obedience to the writ, and while appellant was in his custody the deputy sheriff perpetrated the wrong and injuries complained of. It is therefore clear that the acts complained of were inflicted by the deputy sheriff under color of his office, and while in the discharge of an official act. There may be cases in which an officer would have a right to place hand-cuffs upon a prisoner, but from the allegations in the petition in this case, it is made to appear that the acts complained of were done maliciously, unnecessarily and for the purpose of degrading and punishing the appellant, and not for the purpose of enabling the officer to properly execute the writ then in his hands.

We deem it unnecessary to enter upon a general discussion as to the extent of a sheriff's liability for wrong or tortious acts of his deputy.

For the reasons indicated the judgment of the court below is reversed, and the cause remanded with directions to overrule the demurrer  and for proceedings consistent with this opinion.