### Joseph Babka et al. v. People, etc., use, etc.

1. JUSTICES AND CONSTABLES—*Suits on Bonds of—Levy of Executions.* The provision of the statute that the property of the sureties on the bond of a justice of the peace or constable shall not be levied on till execution against the principal shall prove unavailing, has no application except to cases where a judgment has been obtained against the principal and some or all of the sureties and does not apply to cases where there is no judgment against the principal.

2. SAME—*A Recovery on the Bond of a Constable Sustained.*—In a suit against a constable and his sureties on his official bond it was shown that an execution was issued and delivered to a constable on May 2, 1894; that $50 was collected but not accounted for; that the execution was not returned until August 25, 1894; that an alias execution was issued and delivered to the constable October 5, 1894, which was not returned, and that the plaintiff in the judgment never received anything on either execution. *Held*, the evidence was sufficient to sustain a recovery.

3. OFFICIAL BONDS—*Suits on—Application of—Sec. 13, Chap. 103, Revised Statutes.*—Sec. 13 of Chap. 103, Revised Statutes, which provides that suit may be instituted against an officer on his official bond and any or all of the sureties or against one or more of them jointly or severally, is not limited in its application to the bonds of executors, administrators, guardians and conservators but applies as well to bonds given by justices of the peace and constables.

**Transcript** from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

FANNING & HERDLICKA, attorneys for appellant.

E. M. STANNARD, attorney for appellee.

Mr. Justice Adams delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Cook County against appellant and in favor of appellees. The suit was commenced before a justice of the peace against Babka and one Kozel, who were sureties on the official bond, as constable, of Theodore Schmidl, and pending the proceedings before the justice, Schmidl was made a party. No service was had on Kozel or Schmidl, but only on Babka. Judgment was rendered against Babka and *scire facias* was issued for the other defendants, and Babka appealed to the Superior Court of Cook County. In the latter court, the cause, on motion of the appellees, was dismissed as to the defendants other than Babka, and on a trial before the court and a jury, the jury found for appellees, and judgment was rendered accordingly.

When the suit was dismissed as to the other defendants, the appellant's attorney moved to dismiss as to Babka, which motion the court overruled, and this is assigned as error.

Appellant contends that a suit can not be maintained against a surety on the official bond of a constable unless a judgment shall first have been recovered against the principal, and until a return shall have been made no property found on an execution issued on such judgment, and in support of this contention, counsel rely on paragraphs 155 and 156 of Chapter 79 of the statutes, 2 Starr & Curtis (2 Ed.), 2460, which are as follows:

155. "When judgment shall have been rendered against any justice of the peace or constable and his sureties on his official bond, execution may issue against all of them, but the officer executing the same shall not levy on the property of the securities until he shall fail

to find sufficient property of the justice of the peace or constable to satisfy such execution. The execution shall be a lien on the property of the securities as in other cases."

156. "Securities shall not be liable in execution beyond the amount of the penalty of their bond, but the liability of the principal shall continue after the penalty of the bond is exhausted, and the court may continue to award execution, as execution shall require, for such excess, without a new action."

Paragraph 155, *supra*, has no application to the present case, it not being a case in which judgment has been rendered against the principal and the sureties, the judgment being against the surety only.

In Cassady et al. v. Trustees of Schools, 105 Ill. 560, which was a suit on the official bond of a school treasurer, against the sureties on the bond, the same objection was made, which we are considering, the defendant sureties relying on Section 14 of Chapter 103 of the statutes, which contains substantially the same provision as paragraph 155, *supra*; but the court held that the provision that the property of the sureties should not be levied on till execution against the principal should have proved unavailing, "has no application except to cases when a judgment has been obtained against the principal and some or all of the sureties." Ib. 566. The case is also an answer to the contention of appellant's counsel, that Section 13 of Chapter 103, which provides that suit may be instituted against an officer on his official bond and any or all of the sureties, or against one or more of them, jointly or severally, is limited in its application to the bonds of executors, administrators, guardians and conservators, because the court, in the case cited, held it applicable to the bond of a school treasurer.

Appellant's counsel further contend that the evidence was insufficient to support a recovery. It appears from the evidence that May 2, 1894, in a suit before James M. Doyle, a justice of the peace, in which Venzel Rychly was plaintiff and Valentine Gramer was defendant, a judgment was rendered by the justice in favor of the plaintiff and against the defendant for the sum of $107.40, and that on the same day, and on the oath of the plaintiff, execution was issued on the judgment and was delivered to Constable Theodore Schmidl, who returned it August 25, 1894, indorsed as follows: "By virtue of the within, I have collected the sum of $50.00, the balance being the sum of $60.35, being still unsatisfied this 11th day of July, 1894."

It also appears from the evidence that, on October 5, 1894, an alias execution was issued and delivered to Constable Schmidl, which alias execution, the evidence tends to show, has never been returned. Doyle, the justice who issued the execution, testified that he did not know what became of it after its delivery to Schmidl; that he had searched for, but could not find it, and that it was for the balance of the judgment remaining unsatisfied.

The money collected on the first execution was not paid to the plaintiff.

Appellant's counsel insists that there was not sufficient evidence of the contents of the alias execution, and cites Putnam v. Traeger, 66 Ill. 89, in support of this proposition. In that case the court say: "No execution was offered in evidence, and no offer was made to prove the contents of a lost one." In the present case the proof was that the execution was issued for the balance due, and was delivered to the officer, and in addition, evidence tending to show that it had not been returned. If returned, it would be

among the files, and the justice ` testified that he searched for and could not find it.

The case, therefore, stands thus: An execution was issued and delivered to the constable May 2, 1894, on which $50 was collected and not accounted for, and the execution was not returned until August 25, 1894, one hundred and fifteen days after it was issued; an alias execution was issued and delivered to the constable October 5, 1894, which has not yet been returned; Rychly, the plaintiff in the judgment, has never received anything on either execution. The statute in force at the time the executions were issued required them to be made returnable within seventy days, and made the constable and his sureties on his official bond liable for a failure to return an execution delivered to him within ten days after the proper return day. Hurd's R. S. 1893, Ch. 79, Secs. 85 and 121. The first execution, issued May 2, 1894, was put in evidence. It was in terms, made returnable in seventy days, and as before stated, was delivered to Constable Schmidl the day it was issued. The evidence was sufficient to sustain a recovery.

We find no error in the giving or refusal of any instruction.

The judgment will be affirmed.