The People of the State of Illinois, for use of John Cohrt, Appellee, v. George F. Gerken et al., Appellants.

Gen. No. 14,935.

BONDS—*what essential to liability upon constable's.* Before a recovery can be had upon a constable's bond for an alleged wrongful seizure, it must be established that such seizure took place subsequently to the execution of the bond and was made by the principal in such bond as a constable under legal process which he had authority as such constable to execute.

Action of debt. Appeal from the County Court of Cook county; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed February 10, 1910.

MAURICE C. LANGE and LOUIS GREENBERG, for appellants.

ALEXANDER COLLINS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action upon a constable's bond in which defendant Gerken was the principal and his co-defendant surety.

The declaration under which the cause was tried alleges that Gerken was a Cook county constable, and on or about March 1, 1905, under a writ of attachment issued by Stevens, a Cook county justice of the peace, in favor of Alfred Ryers for the use of Ratlof and against the beneficial plaintiff, he levied upon a buggy belonging to him of the value of $100; that on the following June 1st Cohrt paid the claim and costs in the attachment suit, whereupon the same was dismissed and the buggy ordered returned to Cohrt; that it became the duty of Gerken as such constable then to return said buggy, but although demand was duly made therefor, he refused. Thereafter on November 17, 1906, Cohrt brought suit before another

Cook county justice named Strayer, against Gerken and one Felix Horn, to recover the value of the detained buggy, and in that suit prevailed and recovered a judgment for $100 and costs against both Gerken and Horn. Execution was issued on that judgment and returned "no property found and no part satisfied." This suit on the bond of Gerken as constable was then commenced and resulted in a judgment of debt $3,000 and damages of $100, debt to be discharged on payment of damages. Motions for a new trial and in arrest of judgment were made and overruled. Defendants offered no proof saving three receipts referred to in Cohrt's testimony, so that the cause went to the jury upon the uncontradicted evidence of Cohrt, and the question now arises, does such evidence, under the declaration, sustain the recovery.

The bond in suit is the usual form of bond given by constables and is dated May 4, 1905.

Cohrt testified that Gerken took the buggy under the attachment writ issued by Justice Stevens, together with a horse, harness and a surrey; that he arranged a settlement with Gerken and after paying the stipulated amount Gerken returned all the property but the buggy, which he said he had sold, but would procure its return later. Cohrt thereupon sued for and recovered a judgment of $100, the value of the buggy.

The three receipts given in settlement appear in the record bearing the dates of March 10, 11 and 21, 1905. These ante-date the bond sued upon in this action. It would seem from this that the failure of duty arose prior to the existence of the bond in suit. If there was a wrongful conversion or retention of the buggy by Gerken, it took place at the time of the settlement and therefore did not constitute a breach of the bond sued upon, as that was anterior to its date and execution. Moreover, there is no evidence that Gerken was a Cook county constable at the time he took the buggy or refused to deliver it up, or that he took it under

process which he was authorized by law to execute. There is neither writ of attachment nor any other writ or process upon which the buggy could be lawfully seized found in the record. In any event, before a recovery could be had under an assigned breach of the bond it must appear that the seizure was made by Gerken as a constable under legal process, which he had legal authority as such constable to execute. If he took it without a writ, or was not a constable at the time of the taking, there is no right of recovery on the constable's bond. Proof that the property was taken in virtue of legal process cannot be dispensed with. Putnam v. Traeger, 66 Ill. 89. As said in Cornell v. The People, etc., 37 Ill. App. 490, "There is no evidence in the record tending to show that Broad was acting under any writ at the time of the trespass. Sureties on a constable's bond are not liable for his trespasses, having no connection with his duties as officer."

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*