## 4878. ROBERTSON et al. v. SMITH.

1. Suit can not be maintained upon a sheriff's bond for an unlawful homicide committed by a deputy sheriff, unless the wrongful act was done in the prosecution of some official duty.

2. A homicide committed by a deputy sheriff while investigating a crime, but not in the prosecution of any official duty or upon one having any connection with the crime, is not such official misconduct as will subject the sheriff and his sureties to a suit upon his bond.

RUSSELL, J., dissenting. An action for damages lies in favor of any person who may be injured by the act of an officer done colore officii. In the absence of a special demurrer, the plaintiffs' petition set forth a cause of action, and the trial judge did not err in overruling the general demurrer.

*DECIDED OCTOBER 7, 1913.

Action on bond; from city court of Macon—Judge Hodges. April 3, 1913.

*John P. Ross, Miller & Jones, Walter Miller,* for plaintiffs.
*Johnson & Johnson, J. E. Hall,* for defendants.

See subsequent decision in the same case, post 767 (85 S. E. 991).

POTTLE, J. This was an action by a widow to recover of the sheriff of Bibb county and the sureties upon his official bond, for the homicide of the plaintiff's husband by one of the sheriff's deputies. The petition is substantially as follows: The deputy was sent by the sheriff to make an arrest at a time when the deputy was under the influence of whisky, and not in a condition, mentally or physically, to perform the duties of his office, and this fact was known to the sheriff, or could have been ascertained by the exercise of ordinary care. After the deputy reached the scene of the alleged crime he "made an unwarranted, illegal, and indefensible attack upon" the plaintiff's husband, and "without any justification or mitigation therefor, while acting as deputy sheriff as aforesaid," shot the plaintiff's husband, who shortly thereafter died as a result of the wounds thus inflicted. The deputy has been convicted of the murder of the plaintiff's husband and is now serving a life sentence therefor. The killing occurred in Jones county. The sheriff was negligent in sending out the deputy while he was under the influence of alcoholic drink, and was also negligent in selecting a

*Publication of the report of this case was delayed in order to obtain the dissenting opinion, which was filed August 20, 1915.

deputy addicted to the use of such stimulants. The act of the deputy was in law the act of the sheriff, and he and his sureties are liable to the plaintiff in damages for the deputy's breach of official duty.

Both the sheriff and his surety demurred on the ground that no breach of official duty by the sheriff was alleged, it appearing that the homicide was the personal act of the deputy and wholly outside the scope of his official duty. The demurrers were overruled and the defendants excepted.

The sheriff's bond is in the language of the statute, and is conditioned for the faithful performance of "all and singular his duties as sheriff of said county during the term for which he has been elected, by himself, his deputies, or jailer, and upon the terms required by law." Civil Code, § 4906. Do the facts pleaded show such official misconduct on the part of the sheriff as would authorize a recovery upon his bond? Unless they do, no recovery can be had upon the bond, even though the sheriff might be subject to suit as an individual for the consequences of his agent's negligence. *Board of Education* v. *Fudge,* 4 Ga. App. 637 (62 S. E. 154). The obligation of a surety is strictly construed in his favor, and before he will be liable the case must be clearly within the terms of his bond. The duties of a sheriff are set forth in section 4914 of the Civil Code, and generally he is bound to perform such duties as are imposed upon him by law or which necessarily appertain to his office. He is liable upon his bond to any person injured, "as well by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." Civil Code, § 291. For the official misconduct of a deputy, suit may be brought upon his or the sheriff's bond, at the option of the injured party. Civil Code, § 295. If, therefore, the petition sufficiently charges official misconduct on the part of the deputy, the suit upon the sheriff's bond can be maintained. Some of the cases hold that if the act of the officer was illegal, as, for example, an attempt to execute a process void upon its face, no suit upon the official bond will lie even though the act was under color of official authority. See Turner *v.* Collier, 4 Heisk. (51 Tenn.) 89; State *v.* McDonough, 9 Mo. App. 63; McLendon *v.* State, 92 Tenn. 520 (22 S. W. 200, 21 L. R. A. 738); Chandler *v.*-Rutherford, 101 Fed. 774 (43 C. C. A. 218). In other cases it is held that the mere fact that the officer's act was illegal

will not prevent a suit upon his bond, if he was in fact acting under color of his office. Yount *v.* Carney, 91 Iowa, 559 (60 N. W. 114). Some of the decisions also draw a distinction between acts done *virtute officii* and those performed *colore officii;* but there is no difference between the two under our statute. Suit may be brought upon the sheriff's bond for any wrongful act "committed under color of his office" by himself or his deputy, as well as for the improper performance of a duty imposed by law. Thus if a sheriff in executing a writ of possession remove a person not mentioned in the writ, such removal, being done colore officii, amounts to official misconduct. *Jefferson* v. *Hartley,* 81 *Ga.* 716 (9 S. E. 174), citing with approval Lammon *v.* Feusier, 111 U. S. 17 (4 Sup. Ct. 286, 28 L. ed. 337). We can not agree with counsel in the broad proposition that a sheriff would never be liable upon his bond for the consequences of an illegal arrest,—that is, one made without a warrant or not under such circumstances as are enumerated in section 917 of the Penal Code. If the wrongful act be done under color of his office, that is, under "a pretense of official right to do an act, made by one who has no such right," then, under the express terms of our statute, the action will lie. See *Luther* v. *Banks,* 111 *Ga.* 374 (36 S. E. 826). But if the act be neither by virtue of his office nor under color thereof, there is no official misconduct and no breach of the official bond. *Board of Education* v. *Fudge,* supra; *Luther* v. *Banks,* supra; *Renfroe* v. *Colquitt,* 74 *Ga.* 618; Gerber *v.* Ackley, 32 Wis. 233; Cornell *v.* People, 37 Ill. App. 490; People *v.* Beach, 49 Colo. 516 (113 Pac. 513, 37 L. R. A. (N. S.) 873). The cases of *Reynolds* v. *Dale,* 33 *Ga.* 585, and *McDonald* v. *Sowell,* 129 *Ga.* 242 (58 S. E. 860, 12 Ann. Cas. 701), were rules against the sheriff for contempt, and did not involve the question of liability to suit upon the sheriff's bond for acts done colore officii. If the petition had alleged that the deputy, while acting under color of his office and while attempting in his official capacity to arrest the plaintiff's husband, or while engaged in the performance of any other official duty, wrongfully killed the deceased, a case might have been stated. But there is no allegation that when the homicide took place the deputy was doing any act under color of his office. So far as appears, he was not attempting to apprehend the plaintiff's husband, had no reason to suspect him guilty of the crime under investigation, and the homicide

was in no way connected with the performance of any official duty. If the deputy had been performing or attempting to perform any official duty, he stepped aside and committed a crime solely as an individual, for which neither the sheriff nor his sureties were liable on his official bond. The case stated in the petition is one where the deputy was sent to perform an official duty and on the way wrongfully and unjustifiably killed a man in no way concerned in or connected with the performance of the official act. The act of the deputy in killing the plaintiff's husband was not official misconduct, but solely the reckless and wrongful act of the individual. The averment that in performing the act he was acting as deputy sheriff is a mere conclusion, not admitted by the demurrer.

The demurrer should have been sustained.

*Judgment reversed.*

RUSSELL, J., dissenting. I can not see how a sworn and bonded officer who sends a drunken deputy to perform a specific duty can be excused if this deputy whom he sent forth commits a murder while still acting under color of office and though only ostensibly prosecuting his quest. In my opinion, the plaintiff's petition states a case of official misconduct, and the plaintiff is entitled to something more substantial than the mere comment that the killing of Smith by Norton, viewed merely as the act of an individual, must be regarded as lamentably reckless and wrongful. No special demurrer was filed, and, in the absence of a special demurrer, the facts stated, in my judgment, authorize the statement of the petition that Norton killed Smith, the plaintiff's husband, while "acting as deputy sheriff as aforesaid." If (as must be conceded) the killing was not done virtute officii, it was done colore officii. Even if the petition be subject to special demurrer, it is very plain to me that it was fully able to withstand the general demurrer. I am, therefore, of the opinion that the learned trial judge correctly overruled the general demurrer interposed to this action against Norton, Robertson, and the American Bonding Company, as surety on Robertson's bond.

According to the allegations of the petition, Robertson was the sheriff and Norton was his deputy. Robertson was notified that a crime had been committed in the eastern portion of Bibb county, and was requested to send an officer to make certain arrests. Robertson was personally present when Norton started on that mission,

and he either personally dispatched Norton as his deputy to make the arrests, or ratified the selection of Norton as the officer to perform that duty. Therefore, from the inception of the transaction, Norton was acting colore officii. As alleged in the petition, Norton was considerably under the influence of whisky at the time he started on his trip to make the arrests, and this fact was known to Robertson, the sheriff. So far as appears from the petition, the killing of the plaintiff's husband, for which Norton has been convicted, was committed in pursuance of Norton's purpose of making an arrest which related back to Robertson's instructions to that effect. The petition alleges that Robertson was negligent in choosing Norton to go on the mission described, under the facts already stated, and was negligent in placing it in the power of Norton (clothed as he was with the authority of a deputy sheriff) to commit the crime which Norton thereafter committed, and that Robertson and the sureties on his official bond are civilly liable for the homicide. The sending of a drunken deputy, in my judgment, is such official misconduct on the part of a sheriff as will authorize a recovery on his bond in favor of any one who may be injured by the deputy while endeavoring to make the arrest. The decision in *Board of Education* v. *Fudge* (supra) is not in point. It is true that the obligation of a surety is stricti juris, and a surety can not be held liable unless his liability is clearly within the terms of the bond, but "if an act from which the injury resulted was an official act, the authorities are clear that the sheriff is answerable." Knowlton *v.* Bartlett, 1 Pick. (18 Mass.) 273. Under the provisions of section 291 of the Civil Code, a sheriff is liable upon his bond to any person injured by any wrongful act committed under color of his office, or by his failure to perform, or by an improper or negligent performance of the duties imposed upon him by law. A mere illegal arrest is a breach of a bond requiring a sheriff to faithfully perform his duties and to discharge all duties required by law. Yount *v.* Carney, 91 Iowa, 559 (60 N. W. 114). There is no distinction in Georgia between acts done by a deputy virtute officii and acts done colore officii. Civil Code, § 291. This section declares that "Every official bond executed under this code is obligatory on the principal and sureties thereon . . for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform,

or by the improper or neglectful performance of those duties imposed by law." It is therefore not a question whether Norton was acting by virtue of his office, but whether he was acting under color of his office.

It is argued that Norton did not have authority by virtue of his office to murder Smith under any circumstances, and did not have authority to cross the Bibb county line into Jones county for the purpose of arresting or making an assault upon him. If a sheriff and the surety on his bond were liable only for acts which were absolutely legal, there could never be any recovery upon a bond, and there would not be any necessity for his filing a bond. In the case of *Jefferson* v. *Hartley* (supra), a sheriff, in executing a writ of possession, removed from the premises a person not mentioned in the writ and not within the legal operation of the writ. The sheriff did not have any authority under the law to remove such person. Nevertheless, the Supreme Court held that the removal amounted to official misconduct, and that by such removal the sheriff subjected himself and the sureties on his bond to an action in behalf of the person aggrieved. The decision in that cause is also authority for the proposition that there is no necessity for bringing a separate action against a sheriff, but a recovery can be had upon the official bond. In the opinion (p. 719) Chief Justice Bleckley cited with approval the decision of the Supreme Court of the United States in the case of Lammon v. Feusier (supra), in which it was held that "The taking by a marshal of the United States, upon a writ of attachment on mesne process against one person, of the goods of another, is a breach of the condition of his official bond, for which his sureties are liable." The court there said: "The marshal, in serving a writ of attachment on mesne process, which directs him to take the property of a particular person, acts officially. His official duty is to take the property of that person, and of that person only; and to take only such property of his as is subject to be attached, and not property exempt by law from attachment. A neglect to take the attachable property of that person, and a taking, upon the writ, of the property of another person, or of property exempt from attachment, are equally breaches of his official duty. The taking of the attachable property of the person named in the writ is rightful; the taking of the property of another person is wrongful; but each, being done by a marshal in ex-

ecuting the writ in his hands, is an attempt to perform his official duty, and is an official act." The court quoted from State *v.* Jennings, 4 Ohio St. 418, as follows: "The authorities seem to us quite conclusive that a seizure of goods of A. under color of process against B. is official misconduct in the officer making the seizure; and is a breach of the condition of his official bond, where that is that he will faithfully perform the duties of his office. The reason for this is that the trespass is not the act of a mere individual, but is perpetrated *colore officii.*" And the court quoted with approval from the opinion of Chief Justice Shaw of the Supreme Court of Massachusetts, in Lowell *v.* Parker, 10 Met. 309, 313 (43 Am. D. 436), as follows: "He was an officer, had authority to attach goods on mesne process on a suitable writ, professed to have such process, and thereupon took the plaintiff's goods; that is, the goods of Bean, for whose use and benefit this action is brought, and who therefore may be called the plaintiff. He therefore took the goods *colore officii,* and though he had no sufficient warrant for taking them, yet he is responsible to third persons, because such taking was a breach of his official duty." See, in this connection, Johnson *v.* Williams, 111 Ky. 289 (63 S. W. 759, 54 L. R. A. 220, 98 Am. St. R. 416); Head *v.* Martin, 85 Ky. 480 (3 S. W. 622); Shields *v.* Pflanz, 101 Ky. 407 (41 S. W. 267); Brown *v.* Weaver, 76 Miss. 7 (23 So. 388, 42 L. R. A. 423, 71 Am. St. R. 512). As was said in the case of Johnson *v.* Williams, supra, "An official act does not mean what a deputy might lawfully do in the execution of his office. If so, no action could ever lie against the sheriff for the misconduct of his deputy. It means, therefore, whatever is done under color or by virtue of his office. To hold the deputy and his sureties liable to the sheriff on his bond, it is not necessary that the deputy should be acting under color of some writ, but if he is acting under color of his office, and professing so to act, and inducing others interested to believe he is acting colore officii, he and his sureties would be bound by such acts. No other rule would be safe. Sureties are not needed on a sheriff's bond, if they are only to be held when he acts legally. They vouch for his acts, and bind themselves to make good any damage he may cause to any one while acting under color of his office."

Under these decisions the question is not whether Norton had the official right to arrest or to kill Smith. And the question as to

whether he had a warrant or did not have a warrant is likewise immaterial. The question whether he remained in Bibb county or went just over in Jones county to attempt to arrest Smith and there killed Smith should not influence the decision of the case. Norton left for the purpose of making an official arrest. He was clothed with the powers of a deputy sheriff, having been so clothed by Robertson, the sheriff. Under the allegations of the petition he was acting throughout the transaction under the color of his office. Robertson put it in his power, acting under the color of the office of a deputy sheriff, to do the injury which he did. Under the decisions cited, Norton's act was done colore officii, and the sheriff and the surety on his bond are liable.