20115.   HODGE *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

DECIDED SEPTEMBER 26, 1930.

*E. H. George,* for plaintiff.  *Lambert & Baldwin,* for defendant.

STEPHENS, J.  Mrs. W. J. B. Hodge brought suit against M. L. Slater as principal, and the United States Fidelity and Guaranty Company as surety, on Slater's official bond as a county police officer of Morgan County, the bond being conditioned for the faithful discharge by Slater of the duties of the office.  The .plaintiff sought to recover for an alleged breach of the bond in the homicide of the plaintiff's husband by Slater.  The material allegations in the petition are substantially as follows:  Slater and J. E. Ivey, both of whom were county police officers of Morgan County, and the plaintiff's husband, who was not an officer, but who was requested by the defendant to accompany him, raided a distillery and brought into the city of Madison a quantity of intoxicating liquor, and, after pouring out some of it, placed the remainder in the care of the night policeman of the city, and then went away. Slater afterwards returned and poured out the liquor which had been left with the night policeman; and immediately afterwards policeman Ivey returned and made inquiry respecting the pouring out of the liquor.  In the language of the petition the following then occured:  "One word led to another until blows were exchanged, but the combatants were separated.  Within a few minutes, however, the altercation was renewed, said Ivey struck at said Slater with a chair but missed him, and said Slater shot said Ivey in the arm.  The said city policeman intervened.  Said Ivey abandoned the conflict and was hastily retreating, with no accessible weapon at hand, when said Slater fired upon said Ivey again without just cause.  The bullet missed its mark, but struck and killed said Hodge, who was using every effort to get out of the way and who was without fault and wholly blameless."

General and special demurrers to the petition were sustained, and the plaintiff excepted.

Under the rule as laid down in *Robertson* v. *Smith,* 16 *Ga. App.* 760 (85 S. E. 988), there can be no liability upon a public officer's official bond unless the act complained of was done in the exercise of his official duty, either "virtute officii or colore officii."  So far as the allegations in the petition disclose, the defendant when he feloniously shot and killed the plaintiff's husband was not per-

forming any of the official duties of his office, nor was he purporting to do so. The shooting was not in the prosecution of his official duty of pouring out the liquor, as the liquor had already been poured out before the shooting occurred. The occasion for the shooting, as it appears from the allegations in the petition, was either policeman Ivey's complaint of the act of the defendant in having poured out the liquor, or it was an assault or a hostile demonstration by Ivey upon the defendant. Clearly, according to the allegations in the petition, the act of the defendant which caused the death of the plaintiff's husband was occasioned by a personal quarrel between the defendant and policeman Ivey; and while the quarrel was precipitated by a perfectly legal and proper act on the part of the defendant, viz., the discharge of his official duty in pouring out the liquor, his act in shooting at Ivey and killing the plaintiff's husband was not in the discharge of any of the defendant's official duties. Had it appeared that the defendant, after Ivey's remonstrance with him about the pouring out of the liquor, was undertaking to make an arrest or to perform any duty of his office, the situation might be different. This does not appear. A different legal situation might have been presented had the defendant, when he engaged in the difficulty with Ivey, been defending his official conduct against interference. None of this appears from the allegations in the petition. The petition alleges that the mêlée engaged in by the defendant and Ivey followed and grew out of a dispute between them over the defendant's past conduct in the discharge of his duty, and that Ivey, in the language of the petition, "abandoned the conflict and was hastily retreating," and that the defendant fired upon Ivey, in the language of the petition again, "without just cause," and the bullet killed the plaintiff's husband. So far as the allegations in the petition disclose, the defendant, when he killed the plaintiff's husband, was not acting by virtue of his office or under color of his office.

The suggestion that since the act approved Aug. 17, 1914, authorizing the appointment of county police officers (Ga. L. 1914, p. 142, sec. 6), as contained in section 855(6) of the Michie Code of 1926, provides that "any one injured or damaged by any one of said county police may bring suit upon his bond," the act of the defendant, being performed while acting as a county police officer, gives rise to a cause of action upon the bond, is untenable. In im-

mediate connection with this provision of the act it is further provided that bonds required of county policemen appointed under the authority of the act shall be "conditioned for the faithful performance of all their duties." While, of course, every police officer, as well as every other person, is under a duty to refrain from a violation of the law, the bond required of a county police officer, which is conditioned for the faithful performance by him of his duties, has reference only to those duties which are incident to the office of county policeman, and not to those general duties incumbent upon every person as a member of society, including all police officers, to refrain from violating the laws. Therefore the sureties upon the official bond of a police officer are liable for his wrongful acts only when performed by virtue of his office, or under color of his office. Therefore nothing in the act of 1914, which authorizes the appointment of county police officers, in so far as it may undertake to fix the liability of the sureties upon a county police officer's bond, changes the general law of this State, as contained in section 291 of the Civil Code of 1910, which fixes the liability of sureties upon the bonds of all officers in this State, and which provides that "every official bond executed under this Code is obligatory on the principal and sureties thereon, . . for the use and benefit of every person who is injured, as well as by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." The fact that the person at whom the defendant was feloniously shooting, while on duty as a county police officer, was at the time also a county police officer and on duty as such, or the fact that the plaintiff's husband, who was killed by the bullet intended for the other officer, was himself for the time being acting as a county police officer, although by invitation of the other police officers, can not affect the situation. Therefore neither the defendant as principal nor the surety upon the defendant's official bond of county policeman is liable for the consequences of the defendant's act in shooting and killing the plaintiff's husband. The petition failed to set out a cause of action, and the general demurrer was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*