STATE OF MISSOURI EX REL. ARTHUR LEATHERMAN, APPELLANT, v. JAMES H. HARRIS ET AL., RESPONDENTS.—77 S. W. (2d) 846.

Kansas City Court of Appeals. December 3, 1934.

*D. M. Cuthbertson* and *Baker & Baker* for appellant.

*Harris, Price & Alexander* for respondents.

TRIMBLE, J.—The suit herein is an action for damages on the official bond of defendant, Harris, as Steward of State Hospital No. 1 at Fulton, Missouri, and his surety thereon, The Aetna Casualty & Surety Company of Hartford, Connecticut. Each defendant de-

murred to the first amended petition, the grounds of each demurrer being the same, to-wit: 1. The petition fails to state facts sufficient to constitute a cause of action against the defendant Harris or his surety; 2. It fails to state any facts showing a right in plaintiff to sue on Harris' official bond; 3. It fails to state anything which constitutes a breach of said official bond; 4. Because, under Chapter 46, Revised Statutes of Missouri, 1929, plaintiff has no cause of action against either defendant on the official bond alleged.

The trial court sustained both demurrers, whereupon plaintiff declined to plead further and stood on his said petition; judgment being rendered against him and in favor of both defendants, he duly appealed.

Omitting merely formal allegations as to the suit being instituted by the State of Missouri at the relation of Arthur Leatherman, plaintiff, and as to the corporate nature and right to do business in the State of Missouri by the surety defendant, the said first amended petition sets out the names of the duly appointed, qualified and acting, members of the State Eleemosynary Board of Managers of Missouri on June 10, 1933, and alleged that in their official capacity as said Board of Managers, they were vested with title to all property of the State used in the eleemosynary institutions thereof, particularly the Missouri State Hospital for the Insane No. 1, located at Fulton, in Callaway County, Missouri, and "most particularly one automobile, a Dodge sedan, 1930 model, designated for the use and benefit of, and then and there being used by, James H. Harris, as steward of said institution, for his use and benefit in the performance of his duties in his official capacity as said steward by virtue of Section 8574 of the Revised Statutes of the State of Missouri, for the year 1929."

The said petition further alleged that on said date, June 10, 1933, defendant James H. Harris was duly appointed, qualified and acting steward of Missouri State Hospital for Insane, No. 1, located at Fulton, Callaway County, Missouri; and by virtue of his official position, he was the custodian of said automobile, Dodge sedan, 1930 model, and in his said official capacity as steward had full care, control and custody thereof as agent and employee of said State Board of Managers as heretofore particularly set out.

Said petition then alleged the execution of the official bond of said Harris as steward, with his codefendant as surety, unto the State of Missouri, "conditioned upon his faithful performance of his official duties as said Steward for said Missouri State Hospital for the Insane No. 1, as required by the law of the State of Missouri, to-wit, Section 8591, Revised Statutes of the State of Missouri for the year 1929, in the sum of $25,000. Copy of said bond is herewith attached and marked 'Plaintiff's Exhibit A;' that said bond was given for the protection of the citizens of the State of Missouri, and par-

ticularly this plaintiff against injury resulting from the negligence or misfeasance of the said James H. Harris in the performance of his duties as said steward.''

It is further alleged that said Harris as said steward in the faithful performance of the duties of his said office ''owed a duty to the State of Missouri, to the said State Eleemosynary Board and to the citizens of the State of Missouri, .and particularly to this plaintiff to use the proper degree of care in the use, management and control of all the property intrusted to him by the State of Missouri, and the said Eleemosynary Board as aforesaid, so as not to endanger or jeopardize the rights, lives and property of the citizens of the State of Missouri, and particularly of this plaintiff.''

That on the 10th day of June, 1933, said Harris as said steward, acting in the course of his employment, and in violation of the conditions of said bond,

''Negligently and carelessly delivered over to his son Roy Harris, an infant of the age of seventeen (17) years, said automobile heretofore mentioned and described, with his full permission and consent and allowed said Roy Harris, then and there at that time to drive, manage and control said automobile on the public streets of Fulton, Missouri, and on the public highways of the State of Missouri, when he then and there at that time well knew, or by the use of ordinary care should have known, that the said Roy Harris aforesaid was an incompetent person to operate an automobile and was a very negligent, careless and reckless driver of an automobile, and that in allowing said Roy Harris to drive said automobile, he was endangering the lives of the citizens of this State with whom he might come in contact while on the public streets and highways aforesaid.

''That the said Roy Harris then and there while driving said automobile with the consent and permission of his father, James H. Harris, as aforesaid, in a southerly direction over and along United States Highway No. 54, a public highway and thoroughfare in Callaway County, Missouri, at a point approximately five miles north of Fulton, Missouri, and as and while Louise Leatherman, then the wife of the plaintiff, was riding as a passenger in the said automobile aforesaid, the said Roy Harris, then and there negligently and carelessly drove said automobile at such a high, dangerous and reckless rate of speed on said highway that he was unable to control and properly operate said automobile so that as he approached an automobile traveling in front of him which he saw or by the exercise of the proper degree of care should have seen, he negligently and carelessly drove said automobile at such a dangerous, fast and reckless rate of speed as he approached said other automobile so traveling on said highway in a southerly direction that he could not or did not with the appliances at hand stop the said automobile he was then and there driving, or slow said automobile sufficiently to avoid striking and colliding with

the automobile he was approaching, and remain on said concrete roadway, so that the automobile then and there driven by the said Roy Harris, and in which Louise Leatherman was riding as a passenger, ran off of said concrete highway, into a deep ditch and overturned so that Louise Leatherman, the wife of this plaintiff, then and there a passenger in said automobile, was instantly and violently killed."

It is then alleged that the wife was killed as a direct and proximate result of the negligence of said Harris and in violation of the provisions of said bond thereto attached, and that by reason of said death caused as aforesaid plaintiff has been and will be deprived of the services, love, affection and companionship of his wife and therefore damaged in the sum of $7,500, for which judgment is prayed.

Section 8574, Revised Statutes of Missouri, 1929 (11 Mo. Stat. Ann., p. 7723), vests title to the automobile in said Board of Managers, and Section 8591, Revised Statutes of Missouri, 1929 (11 Mo. Stat. Ann., p. 7729), directs the giving of the bond sued on, which official bond of the steward shall be "conditioned upon the faithful performance of his duties and for the faithful accounting of all moneys which may come into his hand or under his care and for the faithful preservation and accounting of all property which may come into his care, custody or keeping."

The official bond given by said Harris as steward, and executed by his codefendant as surety, contains this statement:

"The conditions of this obligation is such that if the said James H. Harris shall honestly and faithfully perform and execute the duties of said office required of him by law, during the period beginning May 1, 1933, and pay over to the proper person or authority all moneys that may come into his hands by virtue of said office and deliver to his successor all books, records, papers and other things belonging to his said office, which may be required of him by law, then the above obligation shall be void; otherwise to be and remain in full force and effect."

The question to be decided is, does the first amended petition state a cause of action; more specifically, does the bond cover the misfeasance alleged or the damages claimed? The son of defendant Harris was seventeen years of age and, therefore, was not *forbidden by statute* to drive an automobile on the highways, as was the case in Roark v. Stone, 224 Mo. App. 554. If this were a suit at common law, perhaps Harris *alone* might be liable for turning over an automobile to his son, to be driven by the latter on the highways, in taking others on a pleasure ride, where the father knew or should have known that the son was an incompetent, negligent, careless and reckless driver, and that in so doing, he, the father, was endangering the lives of those with whom the son might come in contact while driving on the streets and highways. [42 C. J., sec. 836, p. 1078.] However, the case at bar is not against him individually, but one

on his official bond as steward and his surety on that official bond. And it is plaintiff's contention that since, under Section 2854, Revised Statutes of Missouri, 1929 (1 Mo. Stat. Ann., p. 735), a person injured by the "neglect or misfeasance" of an officer, may proceed against the principal or his surety "in any proceeding authorized by law against such officer for official neglect or injury." And as said steward, under Section 8584, Revised Statutes of Missouri, 1929 (11 Mo. Stat. Ann., p. 7726), is provided with an automobile or motor car, and he, as steward, is made custodian thereof by Section 8592, Revised Statutes of Missouri 1929 (11 Mo. Stat. Ann., p. 7728), it is a violation of law, or a "misfeasance" in the performance of his duty, to entrust said motor car to his son, a known incompetent, careless and reckless driver, for the purpose of taking ladies on a pleasure ride. But the question is, do the statutes contemplate the creation of a liability to a third person under the circumstances of this case? The law makes him liable *individually* for turning the operation of a car over to a known incompetent, inefficient driver. But is there any law providing for, or creating, a cause of action on his official bond for something negligently done, nor by the principal or his agent acting in the line of the principal's official duty but by *someone else* who is not engaged in anything for the steward or his work, and who is merely enabled to obtain possession of the motor car by reason of the steward's consent thereto in *violation* of his official duty to the State or his employers? If the car had been injured or damaged whereby the State had suffered loss as the direct result of the steward's official duty, then the *State* could doubtless recover, for that could be said to be within the contemplation of the parties when they executed the bond, and the purpose for which it was executed. But to construe Section 2854 as extending liability on the bond to any other person under the circumstances herein relied upon, would be granting liability on the bond to an extent never contemplated in the enactment of the statute and would greatly increase the difficulty of obtaining bonds and the hazard of sureties thereon. It would seem that the condition of the bond is not so broad as plaintiff contends, and the law has not provided for a liability to any person to that extent. Plaintiff's citation of 46 C. J., sec. 400, p. 1069, in support of this contention is not deemed to support it, but, in the facts of the case cited in said Section 400, such contention is not upheld. And this seems to be true of the principle underlying the case of State ex rel. v. Turner, 17 S. W. (2d) 986, as well as the same case in the Supreme Court to which it was certified. [42 S. W. (2d) 594; see, also, 22 R. C. L., sec. 190, p. 506; State to Use of Goodin v. McDonough, 9 Mo. App. 63; State ex rel. v. Dierker, 101 Mo. App. 636.]

The judgment is affirmed. The other judges concur.